**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

CHARLEY J. STARR,

    Petitioner - Appellant,

v.

RANDALL WORKMAN, Warden,

    Respondent - Appellee.

No. 06-7066
(E.D. Oklahoma)
(D.Ct. No. 02-CV-694-JHP-KEW)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Charley Joe Starr, a state prisoner proceeding *pro se* and *in forma pauperis*,[1] filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court dismissed the petition and denied his request for a certificate of appealability (COA). Starr renews his request for COA here. *See* 28 U.S.C. §

_____

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

2253(c)(1)(A); FED. R. APP. P. 22(b)(1).  We deny the request.

*Background*

On December 18, 2000, Starr pled guilty in Oklahoma state court, pursuant to a plea agreement, to the manufacture of a controlled dangerous substance (Count 1) and possession of a controlled dangerous substance with intent to distribute within 2,000 feet of a school (Count 2).  He was sentenced to twenty years imprisonment with all but the first ten years suspended.  Four days after his plea and sentencing, Starr sent a letter to the state court asking to withdraw his guilty plea and consult with an attorney.  He explained he made a hasty and incorrect judgment and did not understand everything he signed.  The state court filed the letter as a motion to withdraw his plea.  While this motion was pending, Starr filed an "Application for Post-Conviction Relief/Appeal Out of Time," a request for an evidentiary hearing, a motion for speedy hearing and "Writ of Habeas Corpus ad Testification," a motion to withdraw his guilty plea, and a motion for appointment of counsel.  These motions were denied.[2]  Starr appealed the denial of his motion for post-conviction relief to the Oklahoma Court of Criminal Appeals.  His conviction was affirmed.

Starr then filed the § 2254 petition at issue here, claiming: (1) he was

_____

[2] The record does not reflect the court's ruling on the motion to appoint counsel. However, Starr proceeded *pro se* and *in forma pauperis* on appeal to the Oklahoma Court of Criminal Appeals.

denied a direct appeal through the ineffective assistance of counsel and the trial court's delay in ruling on his motion to withdraw; and (2) the signature of the defendant of the line designated for counsel and counsel's signature on the line designated for defendant on the "summary of facts for the plea of guilty" form was a technical error of such magnitude that he should be allowed to withdraw his guilty plea.

The magistrate judge issued a report and recommendation to the district court that the petition be dismissed. The magistrate concluded Starr failed to establish ineffective assistance of counsel or the denial of a direct appeal. As to alleged technical errors in the plea agreement, the magistrate correctly noted a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law unless the violation rendered the proceedings fundamentally unfair. *James v. Gibson*, 211 F.3d 543, 555 (10th Cir. 2000). In the absence of "a complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure," technical violations that could have been raised on direct appeal may not be raised collaterally. *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quotations omitted). The district court adopted the report and recommendation. It also denied Starr's request for a COA. Starr renews his COA request with this Court.

### *Certificate of Appealability*

A COA is a jurisdictional pre-requisite to our review. *Miller-El v.*

*Cockrell,* 537 U.S. 322, 336 (2003).  We will issue a COA only if Starr makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, he must establish that "reasonable jurists could debate whether ... the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted).  Insofar as the district court dismissed his habeas petition on procedural grounds, Starr must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  We review the district court's factual findings for clear error and its legal conclusions *de novo*.  *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

We agree with the magistrate judge's thorough discussion and resolution of the issues as adopted by the district judge.  The district court's order of dismissal is not reasonably debatable.  *Slack,* 529 U.S. at 484.  Starr has failed to make a sufficient showing that he is entitled to a COA.  Accordingly, we DENY a COA

and DISMISS the application.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge